IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GLORIA B. WHITFIELD                                          PLAINTIFF

v.                                        CAUSE NO. 1:13CV415-LG-JMR

PASCAGOULA SCHOOL DISTRICT                                   DEFENDANT

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [31] filed by

the Pascagoula School District (hereafter referred to as "the School District") in this

lawsuit alleging violation of the Age Discrimination in Employment Act.  Gloria B.

Whitfield has filed a response in opposition to the Motion, and the School District

has filed a reply.  After reviewing the submissions of the parties and the applicable

law, the Court finds that the School District's Motion for Summary Judgment

should be granted.

FACTS

During the 2012 through 2013 school year, Whitfield was employed as a

social worker at Trent Lott Academy, which is one of the elementary schools in the

Pascagoula School District.  (Def.'s Mot., Ex. A at 48, ECF No. 31-1; Def.'s Mot., Ex.

H, ECF No. 31-8).  Her direct supervisor was the school's principal, Elizabeth Dock.

(Def.'s Mot., Ex. H, ECF No. 31-8).   In October 2012, Dock notified Whitfield that

there were deficiencies in some of the paperwork Whitfield was required to submit

to Dock.  (Def.'s Mot., Ex. A at 72, ECF No. 31-8).  Dock also warned Whitfield that

a plan of assistance would be implemented if her job performance did not improve.

(*Id.* at 72-73; Def.'s Mot., Ex. G, ECF No. 31-7).  Dock has testified by affidavit that Whitfield's performance did not improve; therefore she developed a plan of assistance and reviewed the plan with Whitfield.  (Def.'s Mot., Ex. H, ECF No. 31-8).  The plan of assistance noted Whitfield's alleged "[f]ailure to consistently communicate in a positive professional manner with peers, students, and parents" as well as her alleged "[i]nconsistent completion of necessary documents and/or documents with grammatical errors."  (Def.'s Mot., Ex. I, ECF No. 31-9).

During the meeting concerning the plan of assistance, Whitfield told Dock that several co-workers had been bullying her, but Whitfield refused to submit grievance forms regarding her co-workers' alleged conduct.  (*Id.*; Def.'s Mot., Ex. A at 52-53, 86-87, ECF No. 31-1).  Whitfield claims that Dock met with the co-workers who were allegedly bullying her.  (Def.'s Mot., Ex. A at 100, ECF No. 31-1).  After Whitfield attempted to find out what was said at the meeting, she claims that Dock said, "I told the ladies that you were just old."  (*Id.* at 100-01).  Dock denies holding this particular meeting or referring to Whitfield as old.  (Def.'s Mot., Ex. H, ECF No. 31-8).

Dock has testified, "On May 8, 2013, two days after receiving the Plan of Assistance, [Whitfield] submitted to me incomplete work (a risk assessment) containing grammatical errors.  Because [Whitfield] submitted incomplete and grammatically incorrect work in violation of the Plan of Assistance, I recommended [Whitfield] for termination."  (*Id.*; *see also* Def.'s Mot., Ex. M, ECF No. 31-13).  The superintendent of education gave Whitfield the opportunity to resign in lieu of

termination.  (Def.'s Mot., Ex. A at 94, ECF No. 31-1).  Whitfield submitted her resignation on May 24, 2013.  (Def.'s Mot., Ex. N, ECF No. 31-14).  After receiving notice of her right to sue from the Equal Employment Opportunity Commission, Whitfield filed this lawsuit alleging age discrimination.  When Whitfield's employment ended, she was fifty-eight years old.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim.  Fed. R. Civ. P. 56.  The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Celotex Corp.*, 477 U.S. at 324-25.  The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

The Age Discrimination in Employment Act provides that it is unlawful for an employer to discharge an employee because of the employee's age.  *See* 29 U.S.C. § 623(a)(1).  Since there is no direct evidence[1] of discrimination in the present case,

---

[1] "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption."  *Rachid v. Jack in the*

the parties agree that this Court must utilize the burden-shifting framework

adopted in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this

framework, a plaintiff must first establish a prima facie case of discrimination by

showing that "(1) [she] was discharged; (2) [she] was qualified for the position; (3)

[she] was within the protected class at the time of discharge; and (4) [she] was

either i) replaced by someone outside the protected class, ii) replaced by someone

younger, or iii) otherwise discharged because of his age." *Machinchick v. PB Power,*

*Inc.*, 398 F.3d 345, 350 (5th Cir. 2005).  If the plaintiff successfully demonstrates a

prima facie case, the burden shifts to the employer to provide a legitimate,

nondiscriminatory reason for the adverse employment decision.  *Id.*  If the employer

satisfies this burden, the plaintiff then bears the ultimate burden of presenting

evidence that the employer's explanation for the decision was merely a pretext for

intentional discrimination.  *Id.* at 350-51.  She may make this showing by (1)

offering evidence that the defendant's proffered reasons are false; or (2) offering

evidence that her age was a motivating factor for the defendant's adverse

employment decision.  *Id.* at 352.

　　　For purposes of its Motion for Summary Judgment, the School District does

not dispute that Whitfield has set forth a prima facie case of age discrimination.

The School District has presented a legitimate, nondiscriminatory reason for

---

*Box, Inc.*, 376 F.3d 305, 310 n.6 (5th Cir. 2004).  Dock's alleged comment that
Whitfield is "just old" is not direct evidence of discrimination, because an inference
would be required.  The comment concerned Whitfield's allegations made against
other employees, not the termination of Whitfield's employment.

Whitfield's discharge – her repeated failure to provide complete and grammatically correct paperwork to her superiors.

Whitfield disputes the assertion that she submitted incomplete and grammatically incorrect paperwork, but the School District has provided the deficient paperwork that led to Whitfield's termination for the Court's review.  The paperwork contains unanswered questions in addition to grammatical, formatting, and typographical errors.  As a result, Whitfield has not demonstrated that the School District's proffered reason for her termination was false.

Whitfield also claims that Dock's "you were just old" comment is evidence that Whitfield's age was the reason for the termination of her employment.  The School District counters that Dock's alleged comment should be considered a stray remark that is insufficient to support a discrimination claim.

The Fifth Circuit has conceded that its precedent is unclear regarding the proper test for evaluating whether workplace comments provide sufficient evidence of discrimination in cases based on circumstantial evidence.  *Katseanes v. Time Warner Cable, Inc.*, No. 12-40517, 511 F. App'x 340, 345 n.2 (5th Cir. Feb. 6, 2013).  The *CSC Logic* test provides that "[r]emarks may serve as sufficient evidence of age discrimination if the offered comments are: 1) age related; 2) proximate in time to the termination; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue."  *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996).  The *Russell* test questions only whether the comment evidences age animus on the part of a person that is

primarily responsible for the employee's termination.  *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000).  However, even under the more lenient *Russell* test, the remarks are not probative of discriminatory intent if there is no other evidence of pretext.  *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 577 (5th Cir. 2003) ("[S]o long as remarks are not the only evidence of pretext, they are probative of discriminatory intent"); *see also Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012) ("Where a plaintiff offers remarks as circumstantial evidence *alongside other alleged discriminatory conduct*, . . . we apply a more flexible two-part test."); *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 404 n.7 (5th Cir. 2001) (noting that a discriminatory comment is, in and of itself, insufficient to demonstrate pretext).

The only alleged evidence of pretext in the present case is Dock's alleged "you were just old" comment.  Therefore, even under the two-part *Russell* test, the comment is not probative of discriminatory intent.  As for the *CSC Logic* test, the alleged comment was not related to Dock's decision to recommend Whitfield's termination; it pertained to Whitfield's allegation that co-workers were bullying her.  Therefore, under either standard, Whitfield has not provided sufficient evidence of pretext.  Judgment must be granted in favor of the School District.

## CONCLUSION

For the foregoing reasons, the Court finds that the School District's Motion for Summary Judgment should be granted.

-6-

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [31] filed by the Pascagoula School District should be **GRANTED**.  This lawsuit is hereby **DISMISSED WITH PREJUDICE**.  A separate judgment will be entered pursuant to Fed. R. Civ. P. 58(a).

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE